# Morgan *v.* Lehigh Valley Coal Company, Appellant.

*Evidence—Witness—Interested witness—Assignment of interest—Act of May 23, 1887, P. L. 158.*

An assignment of a party to a controversy made only for the purpose of enabling him to sustain the suit by his testimony, is not made in that good faith which the statute intends, and is ineffectual to accomplish that purpose.

*Appeals—Rulings on evidence—Arbitration—Exceptions.*

Where no exceptions are taken to the rejection by a referee of an offer of evidence, the question whether the rejection of the offer is erroneous cannot be considered on appeal.

*Evidence—Minutes of corporation—Rejection of minutes.*

The minutes of a corporation cannot be excluded as evidence on the ground that the secretary who produces them is a stockholder, and therefore interested; but they may be excluded where they are not shown to be pertinent to the issue.

*Statutes of limitations—Account stated—Running accounts—Act of March 27, 1713, 1 Sm. L. 76.*

The statute of limitations begins to run against an account stated from the date when rendered, but this rule does not apply to such accounts as concern the trade of merchandise between merchant and merchant, their factors or servants.

Argued April 9, 1906.    Appeal, No. 302, Jan. T., 1905, by defendant, from order of C. P. Luzerne Co., March T., 1901, No. 274, dismissing exceptions to report of referee in case of Kate Morgan, administratrix of R. R. Morgan, deceased, v. The Lehigh, Valley Coal Company.    Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Exceptions to report of William C. Price, Esq., Referee.

From the record it appeared that the suit was brought against the defendant to recover money alleged to have been paid by R. R. Morgan for goods furnished to a store owned by the defendant, and also for the amount of salary claimed to be due decedent as superintendent.

The referee found the following facts :

1. That the Lehigh Valley Coal Company, defendants, were owners in the store business conducted in the store property in Hanover township, Luzerne county, known as the Franklin store, and there is not sufficient evidence from which the referee can conclude that any other person owned any interest in the store, goods and store business.

2. That Mr. Morgan assumed charge of the store business at the Franklin store during the year 1889, in pursuance of some arrangement with Mr. E. P. Wilbur, who was, at that time, president of the Lehigh Valley Coal Company, and kept Mr. Wilbur informed of the condition of the store business through the medium of cash statements and trial balance statements taken from the books of the store.

3. That R. R. Morgan was employed in the store as superintendent of the business at a salary of $2,500 a year.

4. That Mr. Morgan purchased merchandise for the owners of the store, each month from 1889, until and including April 16, 1895, for which the Lehigh Valley Coal Company reimbursed him from collections from the wages of the employees of the

Franklin mines, every month, for purchases made by them at the store, except for the month of April, 1895.

5. That the defendant company, some time previous to May 24, 1895, collected from the employees of the Franklin mines, the sum of $2,359.31, set forth in check dated April 22, 1895, and $2,282.03, as set forth in check dated May 24, 1895, for merchandise purchased at the store by employees of the Franklin mine, out of which the plaintiff was entitled to the sum of $1,518.07, for merchandise purchased for the store during April, and for salary, due at the time of his death.

6. That, after the death of Mr. Morgan, the Lehigh Valley Coal Company, through its superintendent, took possession of the Franklin store and contents, and sold the same to Mr. Kern, and has never accounted to, or reimbursed the estate of Mr. Morgan for any part of the claim, as set forth in plaintiff's statement, as amended during the trial of the case.

The referee reported in favor of the plaintiff in the sum of $2,429.18.

*Errors assigned* among others were (1, 2) rejection of minute book of Lehigh Valley Coal Company; (3) rejection of E. P. Wilbur as a witness; (15) in overruling exceptions to report of referee.

*J. B. Woodward*, of *Woodward, Darling & Woodward*, for appellant.

*Mary L. Trescott*, with her *D. L. Rhone*, for appellee.

OPINION BY MR. JUSTICE ELKIN, May 24, 1906:

We must consider first whether it was error for the referee to refuse to admit the assignment of Wilbur and wife offered at the hearing and to exclude the testimony of Wilbur. The assignment offered was intended to be in the nature of a release or an extinguishment of the interest of the parties in order to qualify Wilbur as a witness. The sixth section of the Act of May 23, 1887, P. L. 158, provides in substance that a witness incompetent on the ground of interest may become competent by a release of that interest made in good faith, but it is also provided in the act that the good faith of the transaction shall

be passed upon by the trial judge as a preliminary question: Semple v. Callery, 184 Pa. 95; Walls v. Walls, 182 Pa. 226. The record does not show upon what ground the offer of the assignment was excluded, but a fair inference is that it was not considered as made in that good faith required by the act. This court has held that an assignment by a party to a controversy made only for the purpose of enabling him to sustain the suit by his testimony is not made in that good faith which the statute intends and is ineffectual to accomplish that purpose: Darragh v. Stevenson, 183 Pa. 397; Verstine v. Yeaney, 210 Pa. 109.

Without regard to the question whether this testimony was properly excluded, we do not see how it can be considered on this appeal. The proceeding before the referee was under the Act of April 6, 1869, P. L. 725, and the Act of June 22, 1871, P. L. 1363, which provide that the referee shall file his report with his findings of fact and law, together with the testimony and bills of exceptions, and when this has been done any of the parties can, within ten days, file exceptions to findings of fact and law and to the rejection and admission of testimony. If exceptions are filed, the referee passes upon them and may modify, reverse or affirm any part of his report. No exceptions were taken to the rejection of this offer, and under the authority of our cases the question cannot be considered on appeal: Torrey v. City of Scranton, 133 Pa. 173; Messmore v. Morrison, 172 Pa. 300.

It is argued that error was committed in excluding the minutes of the defendant corporation. We fully agree with the learned counsel for appellant that the exclusion of the minutes on the ground that Mr. Baird, the secretary, who produced them, was a stockholder, and therefore interested, is not tenable. While the exclusion of the testimony on the ground stated cannot be sustained, yet it does not follow that the minutes even if properly proven can be offered in evidence for the purpose suggested. At best, they could only prove a negative which could not be material in the determination of the question in controversy. The referee in his supplemental report disposes of this question by saying in substance that the minutes were not refused because not properly proven as the minutes of the corporation, but on the ground that the offer did

not propose to show they contained anything in regard to the management of the Franklin store, and therefore the testimony was immaterial. For this reason, there was no reversible error in refusing the offer.

As to whether the monthly statements were accounts stated, and therefore within the statute of limitations from the date when rendered, must be determined by the facts in this case. If these were accounts stated in the ordinary sense, the statute would run as contended. If, however, they were simply mutual running accounts between the parties or between merchant and factor or servant, the rule would not apply. The learned referee in his finding of law states the question as follows, to wit: " I conclude as a matter of law that the entire claim of the plaintiff is an account between a merchant and his factor or servant and comes within the saving clause of the statute of limitations of March 27, 1713 : " McFarland v. O'Neil, 155 Pa. 260 ; Trickett on Limitations, p. 367. In Mattern v. McDivitt, 113 Pa. 402, this court held that accounts which are excepted from the operation of the statute of limitations are such accounts as concern the trade of merchandise between merchant and merchant, their factors or servants. They may include labor or anything that is provable by book of original entry. The referee having found upon sufficient evidence that this was an account between a merchant and factor or servant the rule as to accounts stated does not apply.

We have not been convinced that the other assignments raise questions of reversible error. We have been asked to reverse some of the findings of fact, but this is only done where manifest error has been committed. On the whole we think the testimony offered at the hearing was sufficient to warrant the findings of fact complained about.

Judgment affirmed.