## Stern *v*. Hess et ux., Appellants.

*Replevin—Automobiles—Bailment lease—Defense — Sufficiency —Question for the court.*

In an action of replevin to recover possession of an automobile under the provisions of a bailment lease, where the defense was fraud in procuring the contract, and the trial judge permitted the introduction of any testimony which the defendants saw fit to offer, in their endeavor to show fraud, evidence relating to a prior contract and a different automobile was of no validity to impeach the contract in suit. It was not error, in such case, to give binding

414　　　　STERN *v.* HESS et ux., Appellants.

instructions for the plaintiff, upon failure of the defendants to produce evidence which would have warranted a finding that they had been induced to sign the lease by fraud, or that it did not contain all the covenants of the parties.

Argued December 9, 1921. Appeal, No. 295, Oct. T., 1920, by defendants, from judgment of C. P. Chester Co., April T., 1918, No. 9, on verdict for plaintiff, in the case of Milton Stern, trading as Auto Transit Company, v. John Hess and wife. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Replevin to recover possession of an automobile. Before HAUSE, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the plaintiff, and entered judgment thereon. Defendants appealed.

*Error assigned* was the order of the court directing a verdict for the plaintiff.

*W. S. Harris,* for appellants.—Whether or not fraud was practiced in procuring the lease was a question for the jury: Michael v. Stuber, 73 Pa. Superior Ct. 390.

No appearance, and no printed brief for appellee.

OPINION BY PORTER, J., March 3, 1922:

The action is replevin based on a contract entered into by the defendant with the plaintiff, according to the terms of which the latter leased to the former a used automobile. The contract provided for specific rentals to be paid weekly, with the condition that if the defendant paid the rental in full for forty-four weeks he should have the right, at the expiration of the lease, to purchase the automobile for $566.13, and the amount which he

had paid as rent should be applied upon the said purchase price at that date. The lease contained a covenant that in case the defendant failed to pay the rent as by the contract provided, he should forfeit all rights under the lease and the plaintiff should have the right to immediate possession of the car. The defendant paid the rentals for a short time and then made default in payment; whereupon the plaintiff issued a writ of replevin and the car was delivered to him by the sheriff. The defendant filed an affidavit of defense denying that he had ever had any dealings with this plaintiff; that he had bought the car from Baron & Price who had delivered it to him at West Chester. The affidavit of defense further alleged that Baron & Price had been guilty of fraud in selling to the defendant another machine for which he had paid in full and which having proved worthless he demanded a return of his money, that Baron & Price refused to return the money and forced and coerced the defendant into buying the more expensive machine in question, giving defendant credit upon the purchase price of the new machine for the entire amount which he had paid for the first machine. The plaintiff did not raise any question as to the sufficiency of the affidavit of defense and the case went to trial on the issues raised by the pleadings. The learned judge who presided at the trial opened wide the door for the introduction of any testimony which the defendant saw fit to offer tending to impeach the validity of the bailment contract, but after the evidence was closed felt constrained to give binding instructions in favor of the plaintiff. Judgment having been entered on the verdict, the defendant appeals.

The testimony introduced by the defendant tending to establish that Baron & Price had been guilty of fraud and misrepresentation in selling to him a used Ford car had no direct bearing upon the dealings of the defendant with the plaintiff. Baron & Price had taken back the Ford car and given the defendant credit for all that he

had paid for it upon the purchase of the car now in question.  The defendant did not attempt to introduce any testimony tending to show that this car was not in all respects as it had been represented to be and was not worth the full amount of its purchase price.  There had been no fraudulent representations made with regard to the character and condition of the car which is the subject of the present litigation.  The defendant did not have the money to pay the full purchase price of this car and Baron & Price, not being inclined to extend credit for the balance of the purchase money, took defendant to this plaintiff and an arrangement was made under which the plaintiff paid to Baron & Price the balance of the purchase money for the car and the defendant accepted the car under the bailment lease between him and the plaintiff, which lease was then and there signed by the plaintiff and the defendant in duplicate, each taking a copy thereof.  There was no evidence presented which would have warranted a finding that the defendant had been induced by fraudulent representations to sign the lease.  We are not here dealing with the rights of a creditor of this defendant and the lease was, as between the parties to it, a valid contract.  There was no such clear, precise and indubitable testimony, tending to show that the contract did not contain all the covenants of the parties, as to warrant the setting aside or modification of the agreement: Michael v. Stuber, 73 Pa. Superior Ct. 390.  Defendant having in his testimony admitted that he executed the lease and not having presented sufficient testimony to impeach its validity, the court did not err in giving binding instructions in favor of the plaintiff.

The judgment is affirmed.