## Thew Shovel Company v. Fishman et al.

*Bowman & Reese,* for plaintiff; *Hyman Goldstein,* for defendants.

BIDDLE, P. J., June 18, 1929.—On Sept. 21, 1928, the plaintiff issued a writ of replevin to recover possession of a steam shovel which was then in the possession of the defendants. The sheriff's return shows that he found the property described in the possession of the defendants and took it into his custody, and that within seventy-two hours after such taking the defendants filed a claim property bond, and the shovel was redelivered to them and has been retained by them since that time.

On Nov. 1, 1928, the plaintiff's declaration was filed, and on Dec. 12, 1928, the defendants filed an affidavit of defense. On Dec. 21, 1928, the plaintiff entered a rule for judgment for want of a sufficient affidavit of defense, which is now before us for disposition. At the argument of the rule, there was no appearance for the defendants nor briefs submitted in their behalf.

From the admitted averments of the pleadings, it appears that on April 3, 1928, the plaintiff was the owner of the steam shovel in question, and that on April 4, 1928, the plaintiff and the defendants entered into a written contract for the conditional sale of the shovel to the defendants, the contract in question providing, *inter alia*, that the defendants were to pay $500 with the order, which payment was admittedly made; that the total price of the shovel was to be $2750; that the purchasers were to pay $250 thirty days after shipment of the shovel and $250 every thirty days thereafter until the full purchase price was paid. The contract also contained the following provisions: "It is agreed that title to said property shall not vest in buyer or in any other person, firm or corporation until paid for in full. If cash payment is not made as agreed, or if there be default at any time in any payment or other condition of this agreement, the full amount unpaid hereunder, including any notes given, shall become due and payable forthwith. In default of payment or other condition herein expressed, said property may be removed by the seller or its agents without legal process. Buyer agrees to pay all legal taxes, assessments or other public charges which may be levied upon the equipment herein referred to. When payment in full shall have been received, the property shall belong to the buyer. . . . It is agreed this order covers all agreements concerning this transaction of every name and nature and no representation made by an agent or other person not included herein shall be binding."

A copy of this written agreement of conditional sale was filed in the office of the Prothonotary of the Court of Common Pleas of Cumberland County on April 14, 1928, and recorded in Conditional Sales Docket at page 341. On April 14, 1928, the shovel in question was shipped from Williamsport to the defendants, by whom it was taken and by whom it was held until the issuance of the present writ of replevin. The $500 down-payment was admittedly made, but none of the subsequent payments called for in the contract of sale were made.

While the defendants admit the foregoing facts, they aver as their ground of defense that there had been a breach of warranty in regard to the shovel, as a result of which they had suffered damages, and that these damages, with certain set-offs which they set up, exceeded the payments which had become due up to the time of the issuance of the writ of replevin; and they contended, therefore, that the plaintiff was without right to retake the shovel and had no ownership thereof.

As we understand the law of this case, the question involved is one of title only, and the defendant may not in a proceeding of this sort set up as a defense either a breach of warranty, misrepresentation of quality or set-off: Lee-Strauss Co. *v.* Kelly, 292 Pa. 403; Michael *v.* Stuber, 73 Pa. Superior Ct. 390.

And, as no other ground of defense is averred in the affidavit filed, it follows necessarily that the affidavit is insufficient and that the plaintiff is entitled to judgment on the pleadings.

And now, June 18, 1929, the rule for judgment for want of a sufficient affidavit of defense is made absolute.

From Francis B. Sellers, Carlisle, Pa.