**Ferguson Packing Company v. Mihalic, Appellant.**

Argued April 23, 1930.

Before TREX-
LER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM
and BALDRIGE, JJ.

*J. Earl Ogle, Jr.,* for appellant, cited: Spritzer v.

Pennsylvania Railroad Co., 226 Pa. 166, 169; Gibson v. Western New York, etc., R. R. Co., 164 Pa. 142.

*Tillman K. Saylor,* and with him *Friedjoff D. Tappert,* for appellee.—The fraud alleged by the defendant must be proven beyond a reasonable doubt: Young v. Edwards, 72 Pa. 257; Michael v. Stuber, 73 Pa. Superior Ct. 390.

OPINION BY TREXLER, P. J., July 10, 1930:

The plaintiff, the Ferguson Packing Company, alleges that defendant entered into a written contract with it by which he guaranteed to pay all purchases made from it by a Mr. Fabina. The contract is under seal and its meaning is plainly expressed. The defendant claims that at the time he signed the paper, a representative of the plaintiff company told him that the paper was a statement as to the financial standing of Fabina which the agent wished to have to show to the "people in the office," and did not state anything about it being a contract involving any obligation on his part to pay. Defendant stated that he could read a little, but not sufficiently to get the purport of the paper, as it would take him a couple hours to do that.

The attempt of the defendant is not to alter or reform the written instrument, but to set it aside on the ground that it was procured by fraud. The court charged thrice in substantially the same language. "If the defendant was induced by fraud to sign this contract, relying upon what he says Clark told him the paper was—a mere summary of questions asked—and not a guarantee of credit—if he was imposed upon, deceived into signing the paper, he cannot be asked to pay. But he must satisfy you beyond a reasonable doubt of his contention for we have a situation here where the signing of the paper is admitted by the defendant."

The use of the words "beyond a reasonable doubt,"

the appellant contends was error. He concedes that the authorities fix the standard in a case such as we have here, to be that the proof shall be "clear, precise and indubitable." There is authority for the employment of the words "beyond a reasonable doubt." In Young v. Edwards, 72 Pa. 257, the lower court instructed the jury that the evidence of deception practised in the sale of land, had to be such as to lead to a satisfactory and "certain conclusion." It evidently meant a conclusion in regard to which there must be no doubt and this was putting too high a standard of proof. The Supreme Court reversed and stated, "if the evidence satisfies an unprejudiced mind beyond a reasonable doubt, it is sufficient." In Ott v. Oyer, 106 Pa. 6, the two phrases are used interchangeably, we quote, "The law does not require proof so convincing as to leave no doubt arising in the minds of jurors. It is enough if there be evidence to suffice an unprejudiced mind beyond a reasonable doubt." Citing Young v. Edwards, supra.

In Boyertown National Bank v. Hartman, 147, Pa. 558, Justice STERRETT quotes from Ott v. Oyer, supra, and has this comment, "what is meant by indubitable proof in connection with such cases is evidence that is not only found to be creditable but of such weight and directness as to make out the facts alleged beyond a reasonable doubt." In Snyder v. Phillips, 25 Superior Ct. 648, the lower court affirmed the point that to entitle the plaintiff to recover "he must satisfy the jury by evidence that is clear, precise and indubitable, that is beyond a reasonable doubt, that the alleged mistake in the making of the contract sued on was mutual." On appeal this was held by the court to be no error, citing the above cases. In Michael v. Stuber, 73 Pa. Superior Ct. 390, the court charged the jury that the fraud alleged by the defendant had to be proved by her beyond a reasonable doubt and in its opinion on the motion for a new trial and for judg-

ment n. o. v., the lower court reviews the cases of the subject and our court in an opinion by the late Judge HENDERSON affirmed the correctness of the instruction. The cases we have cited have been referred to in a number of later decisions and we find none that overrule the position which is above set out, to wit: that the phrase "beyond a reasonable doubt" is the equivalent of the words "clear, precise and indubitable," and where the latter phrase can be properly employed, it is not error to use the words "beyond a reasonable doubt." We cannot convict the lower court of error in following these numerous decisions. The words "beyond a reasonable doubt" places no harder burden on the litigant than the phrase "clear, precise and indubitable" does. It appears that in an ordinary civil case, the burden of proof is sustained by presenting a preponderance of evidence, but where the fraud is alleged, in the endeavor to set aside a written instrument the proof must be clear, precise and indubitable and in such connection, it is not error to require that it be "beyond a reasonable doubt."

The objection is made that the lower court did not elaborate on the expression "beyond a reasonable doubt." The answer to this is that no request to that end was made.

The judgment is affirmed.