Machnofsky to Use, Appellant, v. Smith et al.

Argued March 2, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*A. A. Vosburg* of *Vosburg & Vosburg,* for appellants.

*Frank W. Coyne,* for appellee.

OPINION BY KELLER, J., March 9, 1931:

The plaintiff, Machnofsky, filed this bill in equity asking the court to cancel and set aside a deed purporting to have been executed and acknowledged by him conveying certain premises in Throop Borough to his wife—now deceased—, and to declare the same null and void as a forgery.

The defendants are the children of the deceased grantee, some by the plaintiff, and the others by a former husband. The deed, itself, could not be found or produced, but the record in the recorder's office showed that such a deed had been signed by him by mark, acknowledged, and delivered to his wife, dated February 19, 1908, and recorded the same day. The bill averred that the plaintiff had never executed, acknowledged or delivered the deed and that he knew nothing about it until shortly after his wife's death in January, 1930.

As the grantee, from whom the defendants derived their title, was dead the plaintiff was not a competent witness as to any matter occurring before her death: Act of May 23, 1887, P. L. 158, Sec. 5 (e). On the trial the court properly so ruled, and thereupon the plaintiff's counsel produced a quit-claim deed for the premises in favor of his daughter, Margaret Conicowski, dated the day of the hearing, and claimed that this was such a release or extinguishment of his interest as to render him a competent witness. The court reserved its ruling as to whether this rendered him a competent witness, and subsequently rejected his testimony on the ground that the circumstances showed that the quit-claim deed had been executed solely to render him competent to testify on the trial,

and therefore had not been made in good faith, within the meaning of section 6 of the Act of 1887. We think this ruling was in accord with the decisions of the Supreme Court in Darragh v. Stevenson, 183 Pa. 397; Gunster v. Jessup, 196 Pa. 548; Verstine v. Yeaney, 210 Pa. 109; Morgan v. Lehigh Valley Coal Co., 215 Pa. 443. The reception of the evidence, subject to the reserved ruling as to its competency, did not prevent the court's rejecting it for want of good faith. The case is distinguishable from Turner v. Warren, 160 Pa. 336; Semple v. Collery, 184 Pa. 95, and Comerer v. Ins. Co., 53 Pa. Superior Ct. 516, because this was not a jury trial, and the evidence had been received expressly subject to the ruling on the question of good faith. This may be done where the facts are to be found by the court itself, instead of by a jury.

By the quit-claim deed to Margaret Conicowski and the amendment of the suit, making her the use plaintiff, she also was rendered an incompetent witness as to anything occurring in the lifetime of the deceased grantee. So was her husband, Alex Conicowski: Bitner v. Boone, 128 Pa. 567. The fact that Machnofsky was not permitted to testify did not avoid the quit-claim deed. The court ruled that it had not been made in good faith but only for the purpose of enabling Machnofsky to sustain the suit by his testimony, and that consequently he was still incompetent to testify as to matters occurring in the lifetime of his deceased wife; but this ruling did not affect the operation and effect of the quit-claim deed as between the parties to it. In Post v. Avery, 5 W. & S. 509 Chief Justice GIBSON said: "We are driven by stress of necessity to say that an assignment merely colorable shall not devest the title to make the plaintiff a witness, *whatever its legal effect between the parties;* and that every assignment is to be deemed colorable when no other motive for it can be made to appear." The

6th, 8th, 10th, 11th and 12th assignments of error are overruled.

The evidence of David Schwartz, as contained in the offer of proof on his recall (p. 46-a) should have been received. Communications made by the deceased grantee to her attorney in the presence of third persons are not privileged: Cridge's Est., 289 Pa. 331.

In passing on the questions of fact involved in the case the court below adopted a wrong theory as to the degree of proof required. It apparently was under the impression that the evidence to establish the forgery must be clear, precise and indubitable, which is practically the equivalent of proof beyond a reasonable doubt: Ferguson Packing Co. v. Mihalic, 99 Pa. Superior Ct. 158. But this was not a case where the plaintiff was endeavoring to set aside his deed on the ground of fraud practised upon him in securing its execution. His contention was that he never made the deed; that it had no validity because it was a forgery; he had never executed or delivered it. The rule requiring evidence that is clear, precise and indubitable,—proof beyond a reasonable doubt—, does not apply in such cases. The burden of proof is on the plaintiff and he must establish his case by a preponderance of the evidence. If the evidence leads fairly and satisfactorily to the belief that the deed was forged the plaintiff's case has been made out: McMillen v. Steele, 275 Pa. 584, 586; Burke v. Burke, 240 Pa. 379; Steel v. Snyder, 295 Pa. 120. The fact that a finding for the plaintiff involves the commission of a criminal act to his prejudice does not raise the proof required of him to the same degree as would be necessary on the trial of the criminal charge: McMillen v. Steele, supra, p. 586; Stehle v. Jaeger Auto. Mach. Co., 225 Pa. 348; Floyd v. Paulton Coal Mining Co., 94 Pa. Superior Ct. 1.

The 2d, 3d, 4th, 5th and 7th assignments of error are sustained. The rest require no discussion. The decree is reversed and the record is remitted for a retrial in accordance with the views expressed in this opinion. Costs on this appeal to be paid by the appellees.