Charles E. VERNAU, Sr. et
al., Plaintiffs,

v.

**PORT VUE SUPER DOLLAR
MARKET, Defendant.**

Charles E. VERNAU, Sr., et
al., Plaintiffs,

v.

**FRANKSTOWN FOOD–A–RAMA,
INC., Defendant.**

Civ. A. Nos. 84–1523, 84–1528.

United States District Court,
W.D. Pennsylvania.

Aug. 7, 1985.

**1.** The copies of checks attached to defendant's motion add up to the following amounts:

| Health Fund | Pension Fund | Legal Fund |
| --- | --- | --- |
| $5,047.50 | $1,407.70 | $441.92 |

In its motion, defendant recites the amounts to be credited as:

Stephen J. Harris, Joseph A. Vater, Meyer, Unkovic & Scott, Pittsburgh, Pa., for plaintiffs.

Timothy P. O'Reilly, Pittsburgh, Pa., for defendant.

### MEMORANDUM OPINION AND ORDER

GERALD J. WEBER, District Judge.

■ Consistent with our January 24, 1985 order, we are considering the motions in these cases together. In No. 84–1523, defendant seeks summary judgment on delinquent amounts of Fund contributions that have been paid since this lawsuit was filed. Defendant has attached copies of cancelled checks to his motion, and plaintiffs admit that defendant's accounts should be credited to this extent. We therefore will enter partial summary judgment in defendant's favor for contributions to the Fund since the filing of the complaint. We do not feel confident with the figures provided thus far,[1] however, so we will not include any particular amount in our ruling above. This should not be interpreted as a finding that defendant is the prevailing party for purposes of awarding attorney's fees under 29 U.S.C. § 1132(g)(1).

Plaintiffs correctly point out that disposing of the remainder of their claims must await further proof. First, we are not satisfied that we have heard the last word on the parties' calculations of unpaid contributions. Second, the cancelled checks submitted by defendant indicate that it has not made its payments on time. Congress has been specific about court awards of interest, liquidated damages, and attorney's fees in actions for delinquent contributions. 29 U.S.C. § 1132(g). These awards may

| Health | Pension | Legal |
| --- | --- | --- |
| $4,024.50 | $1,307.70* | $342.32 |

* We have subtracted $.06 from the pension figure cited in defendant's motion, which disagrees with the face amount of the March 22, 1985 check.

substantially affect the ultimate amount of damages. Finally, we will not now decide whether plaintiff is entitled to liquidated damages under both ERISA and the Wage Payment and Collection Law, though we recognize that the Court of Appeals for the Third Circuit has found that ERISA does not preempt the WPCL. *Carpenter's Health and Welfare Fund v. Kenneth R. Ambrose, Inc.*, 727 F.2d 279, 282 n. 5 (3d Cir.1983).

In 84–1528, defendant moved for summary judgment on all unpaid claims accruing more than three years prior to the filing of the complaint. Defendant failed to raise this statute of limitations argument in its Answer, but moved to file an Amended Answer on February 15, 1985, three weeks after filing the motion above. We granted the motion to amend unless plaintiffs would file a response and submit a brief. Plaintiffs submitted their brief on February 21, 1985, though they have filed nothing on the record.

In its motion for summary judgment, defendant relies on *Byrnes v. DeBolt Transfer Inc.*, 741 F.2d 620 (3d Cir.1984). Defendant should more properly have relied on *Teamsters Pension Trust Fund v. John Tinney Delivery Service, Inc.*, 732 F.2d 319 (3d Cir.1984). The *Tinney* case holds for the statute of limitations principle upon which defendant bases its motion. The *Byrnes* panel simply stated that it had been asked to overrule *Tinney*, and explained that it could not under the Court's rules. 741 F.2d at 625. The Court in *Tinney* held that the three year statute of limitation under the Pennsylvania Wage Payment and Collection Law, 43 Pa.Stat. Ann. § 260.9a(g) (Purdon Supp.1983) applied to contributions to employee benefit trusts.

In response, plaintiffs cites *Morgan v. Lehigh Valley Coal Co.*, 215 Pa. 443, 54 A. 663 (1906) and related cases which we find do not apply. *Morgan* stands for the principle that the statute of limitations is tolled when there are "mutual running accounts between the parties or between merchant and factor or servant." *Id.* at 447, 54 A.

663. This exception for such commercial transactions could not be further from the statutorily controlled employment-related obligation we address here. Furthermore, *Morgan* applies the statute of limitations as it stood on March 27, 1713. *Id.*

In light of *Tinney* and *DeBolt*, defendant's motion for partial summary judgment will be granted. We note that Judge Mencer took the same action in a similar case on May 12, 1985. *See Vernau v. Billco Foods, Inc.*, Civil Action No. 84–1649.