## Guernsey *v.* Moon, Appellant.

*Bailment—Lease of chattel—Defense—Set-off.*

In an action of replevin to recover a chattel leased under a written bailment, where it appears that the defendant wrote on the agreement that he had received a copy thereof, and had no understanding verbal or otherwise differing from it, and it also appears that he failed to pay the rental provided by the contract, the defendant cannot set up as a defense an oral agreement in the nature of a set-off by which the manner of the payment of the rent as it matured was materially changed. A set-off is not admissible in an action of replevin.

Submitted March 6, 1911. Appeal, No. 20, March T., 1911, by defendant, from order of C. P. Luzerne Co., Feb. T., 1910, No. 844, making absolute rule for judgment for want of a sufficient affidavit of defense in case of M. W. Guernsey v. J. C. Moon. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Replevin for one buckskin horse, one buggy and one set of single harness.    Before McClure, P. J., specially presiding.

From the record it appeared that the plaintiff leased under a written contract of bailment the chattels in controversy to the defendant for a certain rental per month, with a provision that at the end of the term, if all installments of rent were paid, the defendant should have a bill of sale of the property.    The bailment continued as follows:

"I will take good care of said instrument, and will not, without the written consent of lessor first obtained, sell or hire the same, or part with the possession thereof, or remove it from the premises at Hazleton, Pa., until all the conditions of this lease are fully complied with; I will also keep said instrument insured for the benefit of lessor; that I will at any time, when required, exhibit the said instrument to the said lessors or their agent, and in default of any monthly payments, I agree to return said instrument at the option of lessor, in like good condition, as when received, usual wear and tear excepted."

The affidavit of defense showed that the defendant had been agent for the plaintiff for sales of pianos in and around the city of Hazleton, Pa.    The defendant claimed that at the time the agreement was made there was an oral agreement that the installments of rent were to be set off by him against moneys due the defendant from the plaintiff as commissions for the sale of pianos.    The bailment showed on its face, however, a stipulation signed by the defendant as follows: "I have received a copy of the above agreement, and have no understanding, verbal or otherwise, differing from it."

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Frank A. McGuigan,* with him *James P. Costello,* for appellant.

*Lawrence B. Jones* and *R. H. Holgate,* for appellee.

OPINION BY ORLADY, J., May 11, 1911:

The defendant signed and sealed a written contract by which he leased from the plaintiff a horse, buggy and harness upon terms and conditions which are clearly set out, and to relieve against future controversy in regard to the transaction, an added stipulation as follows: "I have received a copy of the above agreement and have no understanding verbal or otherwise differing from it," was signed by the defendant. The contract is one of bailment, and this action of replevin is brought to recover possession of the property on account and by reason of admitted defaults in the payment of the rentals as they are prescribed in the lease.

The defense set up is an alleged oral agreement contemporaneously entered into by the parties when the contract was signed, and urged as an inducing cause to its execution, by which the manner of payment of the rent as it matured was materially changed.

The oral agreement flatly contradicts the writing, and there is no intimation that there was any fraud practiced on the defendant, or that there was any accident or mistake in the execution of the writing or in omitting from the writing the alleged change of terms.

The defense suggested is in the guise of a set-off, which is not permitted in an action of replevin. This case is ruled by Hall's Safe Co. v. Walenk, 42 Pa. Superior Ct. 576, and was rightly decided in the court below.

The judgment is affirmed.