## Hale et al. *v.* Borough of Ashland, Appellant.

*Replevin—Affidavit of defense—Failure to deny plaintiff's ownership—Insufficient averments—Judgment for defendant.*

In a proceeding to replevy fire apparatus motors sold by plaintiff to the defendant borough under an installment lease reserving title until final payment, such suit being instituted after default in payments, judgment was properly entered for the plaintiff for want of a sufficient affidavit of defense, where the affidavit set up that the contract for the purchase of the motors was not binding on the municipality, because it had not been properly authorized, and because the effect was to increase the indebtedness of the borough beyond the limitations imposed by law, but the affidavit nowhere denied plaintiff's title or right of possession, and did not assert ownership or right of possession in the defendant.

Argued Feb. 18, 1918.  Appeal, No. 337, Jan. T., 1917, by defendant, from judgment of C. P. Schuylkill Co., Jan. T., 1917, No. 216, for plaintiff for want of a sufficient affidavit of defense in case of George C. Hale, now to the use of O. C. Wiesner, trading as the George C. Hale Co. v. The Borough of Ashland.  Before POTTER, STEWART, FRAZER and WALLING, JJ.  Affirmed.

Replevin for fire motors.

Rule for judgment for want of a sufficient affidavit of defense.  Before BECHTEL, J.

The facts appear by the opinion of the Supreme Court.

The lower court entered judgment for the plaintiff for want of a sufficient affidavit of defense.  Defendant appealed.

*Error assigned,* among others, was in entering judgment for the plaintiff, for want of a sufficient affidavit of defense.

*J. W. Moyer,* with him *L. E. Enterline,* for appellant.

*John B. McGurl,* with him *T. A. McCarthy,* for appellee.—Under the lease the title to the motors did not pass to the purchaser, the purchase-money not having been paid: Wickes Bros. v. Island Park Association, 229 Pa. 400; Commonwealth v. Guinzburg, 46 Pa. Superior Ct. 488; Commonwealth v. Hess, 148 Pa. 98.

OPINION BY MR. JUSTICE STEWART, March 11, 1918:

The plaintiff by his action does not seek to impose any liability on the defendant, but merely to establish his right to retain exclusive possession of certain goods and chattels which he recovered out of the possession of the defendant upon a writ of replevin. The action proceeds simply to determine the right of the plaintiff to retain possession of the property he has replevied. Issue was joined in the way pointed out by the statutes. The Act of April, 1901, P. L. 89, provides that in all such cases the declaration and affidavit as originally filed, or as amended by leave of court, shall constitute the issue. By the same act it is further provided that the defendant or party intervening shall within fifteen days after the filing of such declaration, file an affidavit of defense thereto, setting up the facts denying the plaintiff's title, and showing his own title for said goods and chattels, and in the event of his failure to do so, upon proof that copy of said declaration was served upon him or his attorney, judgment may be entered for the plaintiff against the defendant, or party intervening. It is not pretended that a copy of the declaration in this case was not served on the defendant, or that it came short in any requirement. The affidavit filed sets forth the facts upon which plaintiff's title to the goods and chattels is based, but it nowhere denies the plaintiff's ownership, or right of possession, nor does it anywhere assert title, or right of possession, in the defendant. Here is no denial of the plaintiff's ownership or right of possession, or any assertion of defendant's title to the motors or right of possession. What issue was then presented by the pleadings? None

that is discoverable.    Admitting all that is averred, of what avail is it here?

The facts are briefly these.    The plaintiff, a manufacturer of fire apparatus, by written contract of April 8, 1915, with the municipal authorities of the defendant borough, engaged to sell to the borough two fire motors for the sum of $10,000, which the vendee agreed to pay in the following manner: $5,000 in cash within ten days of delivery and acceptance; the balance in three equal installments in two, four and six months after the date of acceptance of apparatus.    The contract provided that the manufacturer should remain the owner of, and retain title to, the property until the whole amount of the purchase-price should be paid, that in case of any default in any of the payments the manufacturer should have the right to take possession of the property, and that all payments which had been made upon, or by reason of the contract should in such case be applied as, and be in full of rent and use of the property to the date of such taking.    The motors were approved of and accepted by the borough authorities, the hand money, $5,000, was paid, and notes given for the balance.    The first of the notes to mature was also paid, but default was made in the payment of the remaining notes.    Upon such default plaintiff proceeded to replevy the motors. The defense set up, and the only defense, is that the contract entered into for the purchase of the motors was not binding on the municipality for the reasons (1) that there was no ordinance of the borough ordering the acceptance of bids and proposals to enter into a contract for the purchase of motor cars (2) that the resolution of councils authorizing the purchase of the motors was not advertised or passed according to law, and (3) because the effect of the purchase was to increase the indebtedness of the borough beyond the limitations imposed by law.    Admitting it all, of what avail is it here?    Suppose the contract for the reason stated was invalid, not binding on the borough, while the borough might escape

its obligations thereunder for such reason, it is difficult to understand how it could result from this, that the ownership of the property became vested in the defendant. The one question in the case was, the right of the plaintiff to the possession of the property as against the defendant. The defendant admittedly has no claim of right except as it is based on the contract with plaintiff under which it obtained possession of the motors. It now proposes to repudiate the contract, and yet retain the property which it acquired thereunder. This may not be done. We have nothing to do with adjustment of equities in the case, if there be any. It is simply a question of the right of possession of the property. The defendant has not shown a semblance of such right in itself, but on the contrary by its affidavit of defense places it beyond controversy in the plaintiff. The learned trial judge very properly directed the jury to return verdict for the plaintiff. No error was committed in overruling the motion for a new trial, and entering judgment on the verdict.

The judgment is affirmed.