# McCray Refrigerator Co. *v.* John Bacso or John Schulz, Appellant.

*Replevin—Declaration—Facts on which plaintiff's title is based —Sufficiency—Original ownership.*

A declaration in replevin that states that "the title in and to the said goods and chattels has at all times lawfully been in the plaintiff herein......" sufficiently sets forth the facts on which the plaintiff's title to the property was based, for this fairly implies that the plaintiff was the producer of the property and the absolute assertion of original ownership is sufficient.

*Replevin—Foreign corporation—Act of June 8, 1911, P. L. 710— Contract—Ownership of the chattels.*

The Act of June 8, 1911, P. L. 710, does not deny a foreign corporation the right to assert title, by an action of replevin, to chattels wrongfully withheld from it, in this State, as this right is not based on contract, but on the ownership of the chattels.

*Replevin—Record—Custody of property—Request to charge— Measure of damages.*

In an action of replevin where the record shows that a bond was given and the property retained by the defendant, the court properly refused a request to charge that there being no testimony as to the present custody of the goods, the most the plaintiff would be entitled to recover would be damages for detention of the property.

186  McCRAY REFRIGERATOR CO. *v.* BACSO, Appel.

Statement of Facts—Opinion of the Court. [79 Pa. Superior Ct.

Argued April 12, 1922. Appeal, No. 132, April T., 1922, by defendant, from judgment of C. P. Erie Co., Sept. T., 1919, No. 93, on a verdict for plaintiff in the case of McCray Refrigerator Co. v. John Bacso or John Schulz. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Replevin to recover possession of a steam table, etc. Before HIRT, J.

The facts are stated in the opinion of the Superior Court.

The jury found a verdict in favor of the plaintiff in the sum of $220.50 and judgment was entered thereon. Defendant appealed.

*Errors assigned,* among others, were the charge of the court and refusal of defendant's motion for judgment non obstante veredicto.

*A. M. Milloy,* of *Milloy and Gilson,* for the appellant. —The Act of April 19, 1901, P. L. 88, requires a declaration in replevin to set forth the facts on which the plaintiff's title is based: Hollander Bros. Drug Co. v. Am. Surety Co., 47 Pa. Superior Ct. 403; Stern v. Mc-Menamin, 46 Pa. C. C. 471; Heisley v. Economy Tool Mfg. Co., 33 Pa. Superior Ct. 218.

A foreign corporation must be registered in this State in order to enforce a contract in its courts: Kernchen Co. v. English, 70 Pa. Superior Ct. 293; Ice Mfg. Co. v. Armour & Co., 12 Pa. Superior Ct. 443.

No appearance and no printed brief for appellee.

OPINION BY HENDERSON, J., July 13, 1922:

The plaintiff, claiming title to certain chattels in the possession of the appellant, issued a writ of replevin therefor; at the service of which the latter gave a bond and retained the property. The court submitted to the

jury the question of title and of the value of the property. It appears from the pleadings and the evidence that the subject of the controversy was delivered by the plaintiff to one John Bacso on a bailment lease with a provision for periodical payments of rent with a right to purchase for the sum of one dollar when rent in full was paid. Subsequently the appellant bought the business of Bacso and the latter delivered to him the property replevied along with other personal property. The lessee having failed to comply with his contract, the plaintiff demanded a return of its property which was refused by the appellant on the ground that it belonged to him. The request for judgment non obstante veredicto was based on the appellant's contention that the plaintiff did not set forth in its declaration the facts on which its title to the property was based; that evidence of ownership by the plaintiff was not presented; and that the plaintiff was a foreign corporation doing business in Pennsylvania, but did not prove it had registered in compliance with the Act of 1911. Passing by a consideration of the right of the appellant to raise the question of the sufficiency of the plaintiff's statement after a trial on the merits and without having raised the question in the affidavit of defense, the objection cannot be sustained, for it is asserted in the statement of claim that "the title in and to said goods and chattels has at all times been lawfully in the plaintiff herein, and this plaintiff is now entitled to custody and possession of said goods and chattels as against all other persons whatsoever." This fairly implies that the plaintiff was the producer of the property and the absolute assertion of original ownership is sufficient. Moreover it is specifically set forth in the statement that the appellant derived his title from John Bacso who it is charged unlawfully delivered the property to the appellant, and it is therefore alleged the latter has no better title than Bacso could give him, and this source of title is admitted in the affidavit of defense. There is also affirmative testimony that the plaintiff by

its agent delivered the property to Bacso pursuant to the terms of the lease.

It is asserted in the statement of claim that the plaintiff is a foreign corporation existing under the laws of Indiana, and that it is duly registered as a foreign corporation with the Secretary of the Commonwealth of Pennsylvania, as provided by law, and is now authorized to do and transact its corporate business as a foreign corporation in the State of Pennsylvania. This averment is not denied nor its effect overcome by a mere declaration in the affidavit of defense that the deponent has no knowledge on the subject and demands proof. But it is immaterial whether the plaintiff is a foreign corporation or not. It is here asserting title to some personal property which it alleges belongs to it and is wrongfully withheld. The Act of June 8, 1911, P. L. 710, does not deny to a foreign corporation the right to assert title by an action of replevin to chattels wrongfully withheld from it in this State. The plaintiff's right does not rest on a contract with the appellant and the latter has no standing to object that the plaintiff may have been doing business with other persons in violation of the statute: U. S. Circle Swing Co. v. Reynolds, 224 Pa. 577; King Optical Co. v. Royal Insurance Co., 24 Pa. Superior Ct. 527. It is a misapprehension to suppose that the contract of lease is the basis of the plaintiff's right. It is pleaded to be sure, but in explanation of the circumstances under which the plaintiff's property passed into the possession of Bacso and from him to Schultz. The plaintiff's title, however, existed before the lease was written and was not destroyed by that instrument. If it have any bearing on the case, it would be in relief of Bacso, if any right under it were asserted by him or by any person holding under him.

To an oral request to the court after the charge was delivered that there being no testimony to show the present custody of the goods or custody after the service of the writ, the most the plaintiff would be entitled to

recover would be damages for the detention of the property, the court replied that the record showed a bond was given and the property retained by the defendant, whereupon the request was refused. It is objected now that the court should not have assumed this to be the case, notwithstanding the fact that the bond was attached to the sheriff's return and the appellant in his history of the case states "Schulz gave a counterbond and retained the goods." If the court had inadvertently misstated the evidence, it would have been the duty of counsel to bring the matter to the court's attention, but there was no suggestion then nor is there now that the fact was not as shown by the record. The charge on the question of damages was certainly as favorable to the appellant as he was entitled to have and we see no reason for a reversal on that subject.

The assignments are overruled and the judgment affirmed.