## Houlihan, Appellant, v. Cramer et al.

*Replevin—Automobiles—Lease—Default — Recovery of possession by lessor—Affidavit of defense—Sufficiency.*

In an action of replevin the plaintiff sought to recover possession of an automobile, alleging that the defendants obtained possession upon a lease, under the terms of which they were in default. The affidavit of defense admitted the making of the lease and the default as alleged, but set up a collateral transaction between the plaintiff and their agent whereby it was averred the plaintiff owed them the amount due on account of the lease. The affidavit of defense was not sufficient to prevent judgment, for defendants recognized plaintiff's title by entering into the lease, and having admitted default in performance of their undertakings, they were not in position to defeat the lessor's right to recover possession, unless they could show that title passed to them since the lease was made.

Argued December 11, 1922. Appeal, No. 295, Oct. T., 1922, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1922, No. 9153, discharging rule for judgment for want of a sufficient affidavit of defense in the case of Vincent J. Houlihan v. Harry Cramer, Sol. Berman and A. Shankin. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Replevin. Before SHOEMAKER, P. J.

Motion for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court below discharged the rule for judgment for want of a sufficient affidavit of defense. Plaintiff appealed.

*Error assigned* was the order and judgment of the court.

*Owen B. Jenkins,* for appellant.

*W. J. Somerfield,* for appellee.

OPINION BY TREXLER, J., March 2, 1923:

This is a suit in replevin brought to recover an automobile. The plaintiff filed his declaration alleging title and a lease of the car to defendants and default in payment of the rent. The defendants replied admitting the lease, but alleged that prior to the signing of the same their agent had agreed to purchase from the plaintiff a store stock, good will and fixtures including the automobile for one thousand dollars and had paid two hundred dollars on account, that at plaintiff's request they came to consummate the sale and pay the balance due, eight hundred dollars, two hundred dollars having previously been paid by their agent, but the plaintiff refused to accede to this and stated that the transaction with the party whom the defendants claim was their agent was a separate and distinct affair and that the payment of two hundred dollars did not enure to the benefit of the defendants. "The defendants not having full knowledge at that time of the purpose of the payment" by their agent and not being able to pay the two hundred dollars to complete the purchase, upon the promise of the said plaintiff to repay to their agent the said two hundred dollars executed a judgment note and the lease as security for

the same. They assert they are ready to pay the two hundred dollars to plaintiff as soon as he pays their agent the same sum. Are these allegations sufficient to prevent judgment?

We start out with the assumption that plaintiff owned the car when he leased it to the defendants. Having signed the lease they cannot question that he had title at that time. To answer his suit they must show either that they have acquired title since or have the right of possession under the lease. Not having paid the rent under the terms of the lease, the owner could recover possession. They cannot with reason assert that the rent was paid by their agent when he paid the two hundred dollars for at that time there was no lease. Neither can they show that title passed to them because of any fraud practiced on them for if the lease was obtained by fraud, it might be set aside, but being set aside, it would put the parties in the position they were in before it was executed. It will not do to argue that the plaintiff having received two hundred dollars and again eight hundred dollars has been paid the entire consideration for the store stock including the automobile, for it is admitted that the automobile was regarded for the purpose of the lease as a thing apart from the stock, for the defendants "not being able to pay an additional sum of two hundred dollars to complete the agreed purchase price" upon the promise of the plaintiff to repay the two hundred dollars to their agent, signed the lease of the car. It follows that had they had the money they would have paid the entire sum. The transaction involving the car had for its purpose the raising of the balance claimed. In any aspect of the case we cannot find that title to the car was vested in the defendants. They may have a claim against the plaintiff for the sum of two hundred dollars but they cannot assert it against his suit to obtain possession of his property. When they with knowledge of the payment made by the agent made this lease they parted with any right to set off or claim of payment they might have had,

Opinion of the Court.     [80 Pa. Superior Ct.

for they then recognized the title of the plaintiff and since the making of the lease, nothing has occurred that passed the title to them.

The judgment is reversed, the rule is reinstated and the record remitted to the court below with the instructions to enter judgment for the plaintiff unless other cause be shown to the contrary.