# Lee-Strauss Co. *v.* Kelly, Appellant.

*Replevin—Set-off—Breach of warranty—Damages—Conditional sale.*

1. In an action of replevin for goods delivered to defendant under a contract of conditional sale upon which defendant has defaulted in payment of installments, set-off cannot be asserted, nor can defendant claim recompense for damages sustained from a breach of alleged warranty or misrepresentation of quality.  In replevin, the question involved is one of title only.

2. Defendant cannot affirm the contract in so far as it provides for the acquirement of title after payments specified, and at the same time disaffirm it in so far as it concerned the payment to be made.

3. In such an action of replevin, judgment may be entered for want of a sufficient affidavit of defense, and plaintiff is entitled to a return of his goods as he would have been if a verdict had been secured after trial; and this is the case although defendant has given a counterbond and retained possession of the goods.

Argued January 30, 1928.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

Appeal, No. 38, Jan. T., 1928, by defendant, from order of C. P. Center Co., Dec. T., 1926, No. 131, making absolute rule for judgment for want of sufficient affidavit of defense, in case of Lee-Strauss Co. v. Mary E. Kelly.   Affirmed.

Replevin for goods delivered under contract of conditional sale.

Rule for judgment for want of sufficient affidavit of defense.   Before FURST, P. J.

The opinion of the Supreme Court states the facts.

Rule absolute.   Defendant appealed.

*Error assigned,* inter alia, was order, quoting it.

*Ellis L. Orvis,* with him *W. D. Zerby* and *Arthur C. Dale,* for appellant.—Seller must give buyer notice before repossessing chattels.

Defendant's bond in replevin extinguishes the plaintiff's title to the goods replevied: Shoemaker v. Shoemaker, 16 Pa. C. C. 159; Conlin v. Butler, 10 Kulp 273; Dean v. Miners Sav. Bank, 1 Luz. Leg. Reg. 127; Johnston v. Gray, 19 Pitts. L. J. 123; Anthony v. Rife, 6 Dauphin Co. 202; Collins v. R. R., 171 Pa. 243; Fisher v. Whoollery, 25 Pa. 197; Swope v. Crawford, 16 Pa. Superior Ct. 474.

*I. Morton Meyers,* with him *Graham & Yost* and *W. Harrison Walker,* for appellees.—A set-off cannot be pleaded or proved in an action of replevin: Eureka Knitting Co. v. Snyder, 36 Pa. Superior Ct. 336; Guernsey v. Moon, 46 Pa. Superior Ct. 645; General Motors Truck Co. v. Paving Co., 248 Pa. 499, 503.

Even if there was a breach of warranty, it would not be admissible as a defense in an action of replevin: Hall's Safe Co. v. Walenk, 42 Pa. Superior Ct. 576;

Michael v. Stuber, 73 Pa. Superior Ct. 390, 401; Commercial Car Co. v. Murphy, 275 Pa. 105; McEvoy v. Samuels, 277 Pa. 370.

OPINION BY MR. JUSTICE SADLER, March 12, 1928:

The plaintiff corporation furnished the defendant with certain personal property to be used in her store under a contract of conditional sale. It was agreed that the purchase price should be paid by installments of fixed amounts. Title was reserved in the vendor, but it was agreed that, when the full sum stipulated for had been satisfied, a bill of sale would be given the vendee. The designated articles were delivered, and the payments made until August 29, 1926, when the purchaser became in default. In December following, a writ of replevin was issued to recover the goods in possession of the defendant, and security as required in such cases given. A counterbond was filed, and the goods retained by defendant pending the result of the litigation. An affidavit of defense was submitted, in which it was averred that the sale had been effected by reason of false representations, and, further, that the property was not of the quality warranted. It was admitted that further payments were refused, but defendant claimed that the losses sustained exceeded the balance unpaid under the contract by a considerable amount, for which excess an award against plaintiff was asked. The court below ruled the affidavit to be insufficient, and entered judgment for plaintiff, directing that the property be returned to it, and defendant has appealed.

In case of default in carrying out the contract referred to,—the basis of the present action,—the right to enter the premises and take repossession of the property was given the seller. Paragraph 6 provided that "this agreement constitutes the entire contract between the parties hereto, and no waiver or modification thereof shall be valid unless written upon or attached to this contract, and buyer hereby accepts the goods in their

present condition, with no warranties on the part of seller, except such as may be endorsed hereon in writing prior to execution," and none was added. The statement set forth the delivery of the property, admitted the payment of the installments until August of 1926, when default occurred, and averred the refusal of defendant to further comply with the conditions of sale.

The affidavit of defense, not denying plaintiff's title, rested on the alleged misrepresentations of quality, the furnishing of inferior goods, and breaches of warranty, and alleged that the damages suffered more than equalled the total of the installments due. As this was an action of replevin, the question involved is one of title only. In such a proceeding, the defendant cannot assert a set-off (General Motors Tr. Co. v. Paving Co., 248 Pa. 499; Guernsey v. Moon, 46 Pa. Superior Ct. 645), nor can he claim recompense for damages sustained from a breach of warranty or misrepresentation of quality: Commercial Car Co. v. Murphy, 275 Pa. 105; Michael v. Stuber, 73 Pa. Superior Ct. 390; Hall's Safe Co. v. Walenk, 42 Pa. Superior Ct. 576. In the present case, as we have stated, the agreement itself sets forth that there was no warranty unless specified in writing, and there is no allegation of the omission of any such stipulation by fraud, accident or mistake. No effort to rescind was made upon the discovery of the alleged falsity of the representations, or of the existence of defects, and the buyer is in no position to claim in this proceeding for the loss sustained: Car Co. v. Murphy, supra; McEvoy v. Samuels, 277 Pa. 370. Defendant could not affirm the lease, in so far as it provided for her to acquire title if she made the payments specified, and at the same time disaffirm it in so far as concerned the amount to be paid.

Judgment was properly entered for want of a sufficient affidavit of defense, and, under such circumstances, plaintiff is entitled to a return of its goods (Westinghouse Co. v. Harris, 237 Pa. 203; Deere Plow Co. v.

Hershey, 287 Pa. 92), as would be the case if a verdict had been secured after trial.   This is true though the defendant has given a counterbond and retained possession: Reber v. Schroeder, 221 Pa. 152; Duroth Mfg. Co. v. Cauffiel, 243 Pa. 24.   The contrary was the rule before the passage of the Replevin Act of 1901 (April 19th, P. L. 88) : Collins v. Bellefonte C. R. Co., 171 Pa. 243. Having established title, the seller had the right to demand the return of the specific goods rather than rely upon the counterbond to secure damages suffered.   Any claims which the purchaser may have against the seller must be asserted in an independent proceeding.

Plaintiff moved to quash the appeal in this case because of the clause in the agreement which reads "Buyer hereby waives the right to remove any legal action from the court originally acquiring jurisdiction."   In view of the conclusion reached as to the right of the plaintiff to recover, a discussion of the question raised becomes unnecessary.

The judgment is affirmed.