## Dutchess Underwear Corp. v. Swan Manufacturing Co.

*J. F. Mahoney*, and *John B. McGurl, Jr.*, for plaintiff.

*Isador E. Krasno*, for defendant.

STAUDENMEIER, J., May 1, 1950.—Plaintiff filed a complaint in replevin against defendant on April 14, 1949. On May 2, 1949, defendant filed preliminary objections.

The case was placed on the April 10, 1950, argument list, and the matter is now before the court on the preliminary objections filed to the complaint in replevin. The preliminary objections are six in number.

In the first preliminary objection defendant complains that paragraph 4 of the complaint contains a conclusion of law in that it avers "neither the said defendant nor any other person or persons has any right, title or interest therein." The fourth paragraph of the complaint is as follows:

"4. That the said merchandise was purchased with plaintiff's own money in the ordinary course of business, neither the said defendant nor any person or persons has any right, title or interest therein."

The complaint in a cause of action in replevin must allege the facts upon which plaintiff bases his title. It must disclose plaintiff's source of title; mere general allegations that the goods were purchased and paid for by plaintiff with his own money are insufficient as to the source of plaintiff's title: 10 Standard Pa. Practice, 662, sec. 93; Sobzack v. Swartz, 17 D. & C. 744. Moreover, paragraph 4 of the complaint is inconsistent with paragraph 3 of the complaint. The third paragraph of the complaint is as follows:

"3. Title to the goods forming the basis of this action of replevin, to wit: 142 9/12 dozen of ladies' pajamas, was at all times in the plaintiff herein, and plaintiff is entitled to the possession of same."

Paragraph 3 standing alone would have been a sufficient allegation of plaintiff's title to the goods, as it fairly implies that plaintiff was the producer of the goods and the original owner thereof: McCray Refrigerator Co. v. Basco, 79 Pa. Superior Ct. 185, 187.

Preliminary objection no. 1 is sustained.

Preliminary objection no. 2 complains that paragraph 6 is not precise and accurate in that "defendant

was to do all the acts incident to the manufacture of the said merchandise, with the exceptions of pressing and packing."

There is no merit to this objection inasmuch as paragraph 5 of the complaint sets forth in detail the provisions of the original agreement and paragraph 6 sets forth the changes wrought by the oral agreement wherein defendant was to receive $4 a dozen as to all merchandise manufactured by defendant subsequent to September 26, 1947, instead of $3.50 a dozen, the original price, and defendant was not required to press and pack. This paragraph in conjunction with paragraph 5 and letter from plaintiff to defendant, copy of which is attached to the complaint, leaves nothing to conjecture as to what plaintiff and defendant were to do under the provisions of the original agreement and modification of same.

Preliminary objection no. 2 is overruled.

Preliminary objection no. 3 complains that paragraph 15 of the complaint is not precise and accurate in that it contains lumping of items and that it does not aver in what manner 142 9/12 dozen ladies' pajamas depreciated and in what manner the loss and damage was $999.25. Paragraph 15 of the complaint is as follows:

"15. By reason of the wrongful and unjust detention by the defendant of the 142 9/12 dozen of ladies' pajamas, the aforesaid pajamas depreciated in value, resulting in loss and damage to the plaintiff herein in the sum of $999.25."

Pennsylvania courts have uniformly held that there must be a degree of particularity to which the facts of the case are reasonably susceptible to enable the other party intelligently to prepare for trial. General allegations of indebtedness, lumping charges and gross sums intended to cover and include different kinds and amounts of losses and damages are not sufficient; the

statement should, whenever possible, show how the items of damage claimed are ascertained, so that defendant may file a responsive answer: 3 Standard Pa. Practice 152, sec. 48. In the instant case plaintiff should set forth in what manner the loss of $999.25 was sustained, this can be done by showing the market value of the pajamas in question, before the alleged unjust and improper detention and the market value after the detention.

Preliminary objection no. 3 is sustained.

Preliminary objection no. 4 complains that paragraph 16 of the complaint is not specific. Paragraph 16 of the complaint is as follows:

"16. Plaintiff further avers and says that by reason of the wrongful and unjust detention by the defendants of the aforesaid ladies' pajamas, plaintiff was unable to ship to its customers 300 dozen pajamas, which it had in its possession ready for shipment upon receipt of the pajamas in the possession of the defendant, resulting in loss and damage to the plaintiff herein in the sum of $2100.00."

When said paragraph is read in conjunction with paragraphs 7 and 8 of the complaint, the reason for plaintiff's inability to ship to its customers 300 dozen pajamas becomes manifest, but said paragraph fails to set forth in what manner a loss in the sum of $2,100 was sustained by plaintiff.

Preliminary objection no. 4 is sustained in part.

It is the opinion of the court that preliminary objections 5 and 6 are without merit and are, therefore overruled.

And now, to wit, May 1, 1950, preliminary objections 1 and 3 are sustained and preliminary objection 4 is sustained in part, and plaintiff is given 20 days within which to file an amended complaint.