Hahn, Appellant, *v.* Andrews.

Argued January 7, 1952. Before Drew, C. J., Stern, Stearne, Bell, Chidsey and Musmanno, JJ.

*S. Maxwell Flitter,* with him *Everett Kent,* for appellant.

*Francis H. S. Ede,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, March 24, 1952:

This is an appeal from a judgment for the defendants entered on a verdict in their favor in a replevin action. The plaintiff-appellant assigns as error the refusal of his motions for a new trial and for judgment *non obstante veredicto.*

On or about August 16, 1948 the plaintiff entered into an oral contract with the defendants. Although plaintiff contended that the terms of this contract were that he would pay $2,500 and receive defendants' fuel oil truck, the jury's verdict establishes that the terms were, in accordance with the defendants' claim, that plaintiff was to pay the sum of $4,800 and receive in return defendants' entire retail fuel oil business including the oil truck as a part thereof; and that at the time of the agreement the plaintiff gave defendants a check for $2,500 on account, received the truck but never paid the remaining $2,300.

In March, 1949 the defendants had the truck taken from the plaintiff and towed it away, whereupon the plaintiff instituted this suit in replevin with bond. The case was tried before a jury which, as stated, rendered a verdict for the defendants. The court moulded the verdict to read: "Verdict for the defendants, valuation $2500.00 [the amount in the plaintiff's affidavit of value].", and entered judgment thereon.

Appellant first contends that he obtained title and the right to possession of the truck when the appellees delivered it to him. However, the jury concluded otherwise and there is ample evidence to support such conclusion. Defendant Frederick F. Andrews testified that

plaintiff was to receive title to the truck only upon payment of the balance of $2,300 due on the entire purchase and that the truck was not sold separately to the plaintiff. The wife-defendant also testified that title to the truck was to remain in the defendants until the $2,300 was paid. Paper title was never transferred to the plaintiff. From this testimony and other testimony adduced on behalf of defendants the jury had the right to infer that the delivery of the truck to the plaintiff and his consequent right of possession of the same were conditioned upon his paying the remaining amount due under the contract. It is undoubtedly true that a buyer may maintain an action of replevin for goods sold to him even if he never had actual physical possession: *Westinghouse Air Brake Company v. Harris*, 237 Pa. 203, 85 A. 78. But, the question is always one of the intention of the parties and if, conversely, the jury finds as they did here, that the intention of the parties is that upon nonpayment of a balance due upon a contract the seller has the right to possession, the buyer may not maintain an action of replevin even though there has been physical delivery of the subject matter to him: *John Summerson v. William Hicks et al.,* 134 Pa. 566, 19 A. 808.

Plaintiff also argues in this connection that even though the jury found for the 'defendants, the lapse of time from August, 1948 ˋ (when the contract was made) until March, 1949 (when the defendants took the truck) establishes as a matter of law that defendants had waived any right to possession which they might have had. For this proposition plaintiff relies upon the case of *Frech v. Lewis,* 218 Pa. 141, 67 A. 45. In that case the contract provided for immediate payment and the seller delivered the goods *without any reservation.* The purchase price was not paid and the seller, relying upon the promises of the buyer, waited two and a half months before he began his action of

replevin. The court there held that as a matter of law he waived his right to retake the articles. In the case before us, however, the sellers specifically retained title to the property as security for the balance of purchase price remaining and since the contract did not provide any designated date for the payment of the balance, defendants had to wait a reasonable time in order to ascertain whether plaintiff would comply with this obligation of the contract. Plaintiff cannot now complain because defendants gave him more time than he was entitled to have.

The second contention of the appellant is that the sellers were obliged to rescind the contract before they were entitled to regain possession of the truck. This would be a correct statement of the law if the truck had been delivered unconditionally to the plaintiff-buyer. But the terms of this contract were definite in that title to the truck was to remain in the sellers until payment of the balance due for the entire subject matter of the purchase. In such situation there was no necessity for the sellers to rescind the contract. In recapturing the truck the sellers were relying upon the explicit terms of the contract as found by the jury. In essence the agreement was akin to a bailment lease and defendants had the right to retake the goods under the terms of the contract; and the result would be no different if the agreement had been a conditional sale: See *Lee-Strauss Co. v. Kelly*, 292 Pa. 403, 141 A. 236.

Appellant also urges as error the exclusion of certain evidence. At the conclusion of the defendants' case, plaintiff called in rebuttal one Llewellyn Lambert, and offered to prove by him that he was a gasoline station operator who was at the Andrews' place of business when frequent orders for oil were received and that when Mr. Andrews (the husband-defendant) was informed of these orders, he often ignored them. There was an objection to this evidence and it was excluded.

Such evidence was clearly irrelevant. Plaintiff contends that it was for the purpose of proving that defendants had no fuel oil business to sell. The evidence was not directed to the time of the contract, viz., August 16, 1948, and merely because the defendant-husband ignored orders does not prove that he had no fuel business. On the contrary, it would seem to indicate, as defendants testified, that there was a fuel oil shortage at this time and that defendants had more business than they could process.

The only remaining argument by appellant is that the charge of the court did not submit the material issues to the jury. Suffice it to say we have carefully reviewed the charge in its entirety and find it sufficiently comprehensive and free from error.

In his brief plaintiff refers to the fact that defendants are unjustly enriched by virtue of the judgment. We think the words of this Court in *Lee-Strauss Co. v. Kelly,* 292 Pa. 403, supra, at p. 407 are here appropriate: "Any claims which the purchaser may have against the seller must be asserted in an independent proceeding." Or as Mr. Justice STEWART said in *Hale et al. v. Borough of Ashland,* 260 Pa. 547, 103 A. 1018: "The one question in the case was, the right of the plaintiff to the possession of the property as against the defendant. . . . We have nothing to do with adjustment of equities in the case, if there be any. It is simply a question of the right of possession of the property."

Judgment affirmed.