Family Budget Plan, Inc., v. Ede

*J. Franklin Hartzal*, for plaintiff.

*Smith & Mountenay* and *Willard C. Hetzel*, for defendant.

ECKELBERRY, J., August 5, 1955.—Replevin with bond. Preliminary objections to complaint.

In passing upon preliminary objections, we must accept as true all averments of material and relevant facts in the complaint. Accordingly, we find, at this procedural stage, the facts in this matter to be:

On August 2, 1952, Nash-Ringel, Inc., Albany, New York, as seller, sold a certain food freezer and food plan, under a conditional sales contract, to defendant, James Ede, Sr., as buyer, whose address then was Schenectady, New York.

The conditional sales contract provided as follows:

1. That the deferred balance was to be paid at the office of State Bank of Albany, Albany, New York, in 18 monthly installments;

2. That "Title to said property shall not pass to Buyer until the deferred balance is fully paid";

3. That "If Buyer defaults in complying with any of the terms hereof . . . Seller may take immediate possession of said property without demand . . ."; and

4. That "Seller's interest in this contract and the property herein referred to may be assigned and Seller's assignee shall be entitled to all the rights of Seller hereunder", and "Buyer agrees that such assignee shall not be liable to Buyer for any failure of Seller to fulfill his obligations to Buyer and that any claim for any such failure will be made against Seller and will not be set up as a cause of action, defense, counterclaim or offset against such assignee".

On the same day said Nash-Ringel, Inc., for value received, assigned to said State Bank of Albany, all its right, title and interest in and to said conditional sales contract and the equipment covered thereby and authorized the assignee to do every act and thing necessary to collect and discharge the same, and on March 31, 1954, said State Bank of Albany, for value received and at the request of said Nash-Ringel, Inc., assigned to plaintiff herein, Family Budget Plan, Inc., Town of Colonie, Albany County, New York, all its right, title and interest in and to the contract and all claims, demands or causes of action thereunder.

Defendant defaulted, beginning June 2, 1953, in the payment of the monthly installments payable under the contract and by reason thereof plaintiff, under the provisions of the contract, became entitled to the immediate possession of the property.

The pleading containing defendant's preliminary objections sets forth new averments of facts, in support of certain of the preliminary objections. The pleading was verified by defendant and endorsed with a notice to plead, and, inasmuch as plaintiff failed to deny the averments, plaintiff is deemed to have admitted them.

Accordingly, we find, for the purposes of this decision, the following additional facts: Plaintiff, Family Budget Plan, Inc., is a corporation wholly owned and controlled by Nash-Ringel, Inc., and/or its officers

or agents; Nash-Ringel, Inc., is not authorized as a foreign corporation to do business in the Commonwealth of Pennsylvania; and plaintiff, Family Budget Plan, Inc., is not authorized to do business in the Commonwealth of Pennsylvania, nor registered with the Secretary of the Commonwealth as a foreign corporation, nor registered under the Fictitious Names Act of May 24, 1945, P. L. 967.

### Preliminary Objections Considered

I. Objections numbered 1, 4 and 6 will be considered together, because they severally raise the question of lack of capacity in plaintiff to sue.

The grounds relied upon by defendant are:

1. Inasmuch as plaintiff "appears to be" a corporation and, according to the complaint, is suing upon a contract, plaintiff is not entitled to maintain the action, because it is not authorized to do business in Pennsylvania, nor registered with the Secretary of the Commonwealth as a foreign corporation, nor registered under the Fictitious Names Act of Pennsylvania, nor recognized as a legal entity in the Commonwealth of Pennsylvania.

Plaintiff is a corporation because, first, the complaint itself (including the exhibits attached thereto) shows that plaintiff is a corporation, and second, we have found, on defendant's own averment, that plaintiff is a corporation.

Plaintiff is not suing on the conditional sales contract. In the first place, plaintiff's claim for relief asks "judgment for the said chattel", as is proper in an action of replevin (Clark v. Clark, 76 D. & C. 345), and, therefore, plaintiff's action is one in rem, for the specific recovery of personal property. In the second place, in a replevin action "the sole issue is one of title and right of possession" (Consbigler v. Shawley, 162 Pa. Superior Ct. 642) and plaintiff's right to assert title to the chattel is not based on

contract but on the ownership of the chattel: McCray Refrigerator Co. v. Bacso, 79 Pa. Superior Ct. 185, in which the court said, page 188:

"It is a misapprehension to suppose that the contract of lease is the basis of the plaintiff's right. It is pleaded to be sure, but in explanation of the circumstances under which the plaintiff's property passed into the possession of Bacso and from him to Schultz. The plaintiff's title, however, existed before the lease was written and was not destroyed by that instrument . . ."

See Lee-Strauss Co. v. Kelly, 292 Pa. 403, in which plaintiff sold defendant certain personal property under a contract of conditional sale, which provided (1) that the purchase price be paid in fixed installments, and (2) that title was to remain in plaintiff until the purchase price shall have been paid in full. Defendant defaulted in her payments and a writ of replevin was issued to recover the goods in possession of defendant. The court held that: "As this was an action of replevin, the question involved is one of title only . . . the defendant cannot assert a set-off . . . nor . . . claim recompense for damages sustained from a breach of warranty or misrepresentation of quality".

Even though it should be held that plaintiff is suing on the conditional sales contract and even though plaintiff is a foreign corporation not authorized to do business in Pennsylvania, nor registered therein as a foreign corporation, nor registered under the Fictitious Names Act of Pennsylvania, it is entitled to maintain this action.

The Pennsylvania statute applicable to foreign business corporations, Business Corporation Law of May 5, 1933, P. L. 364, as amended, 15 PS §2852-1001, provides that: "A foreign business corporation, before *doing any business* in this Commonwealth, shall procure a certificate of authority to do so from the

Department of State . . ." and "Any foreign business corporation which *is required* . . . to procure a certificate of authority, but has not done so . . . shall be guilty of a misdemeanor . . ." (Italics supplied.)

Nowhere in this case is there any averment or indication that plaintiff was, at any time, or is now, "doing business" in Pennsylvania within the meaning of the statute, and a foreign corporation, in suing within Pennsylvania to enforce its contract, is restricted only when "doing business" in Pennsylvania: Meaker Galvanizing Co. v. McInnes & Co., Inc., 272 Pa. 561, 568; Seeburg Piano Co. v. Wyoming Valley Music Co., 24 Luz. 392; Schoble's Petition, 43 D. & C. 459, 463-464.

There is no averment before us that the name used by plaintiff is fictitious, and even if there were, defendant has overlooked the fact that the Fictitious Names Act of Pennsylvania does not apply to corporations but only to individuals: Phila. School of Beauty Culture v. Hess, 78 D. & C. 97, 102.

Defendant's argument that plaintiff is not recognized as a legal entity in the Commonwealth of Pennsylvania has no merit: Meaker Galvanizing Co. and Seeburg Piano Co. cases, cited supra.

2. In support of its objection numbered 6, defendant contends that inasmuch as Family Budget Plan, Inc., is wholly owned and controlled by Nash-Ringel, Inc., and/or its officers or agents, the real party in interest, as plaintiff, is Nash-Ringel, Inc., a "purported corporation" acting in the name of Family Budget Plan, Inc., and, inasmuch as Nash-Ringel, Inc., is not authorized as a foreign corporation to do business in the Commonwealth of Pennsylvania, it is not a proper party plaintiff.

As previously found, for present purposes, State Bank of Albany, on March 31, 1954, for value received

and at the request of Nash-Ringel, Inc., assigned to plaintiff herein, Family Budget Plan, Inc., all its right, title and interest in and to the contract and all claims, demands and causes of action thereunder.

If the assignment had been made in Pennsylvania, Family Budget Plan, Inc., as assignee, would have capacity to sue in Pennsylvania, for the following reasons:

(1) Nash-Ringel, Inc., and Family Budget Plan, Inc., are distinct corporations, even though the latter may be a wholly owned subsidiary of the former: Commonwealth v. Gulf Oil Corporation, 359 Pa. 583.

(2) The assignment from Albany State Bank was "for value received" and we must assume, therefore, that Family Budget Plan, Inc. was a purchaser for value.

(3) Under Pa. R. C. P. 2002, Family Budget Plan, Inc., as assignee, is the real party in interest and whether it is entitled to retain for itself all or any part of the property recovered in the action, or is under a duty to account to others for all or any part thereof, is immaterial: 4 Anderson's Civil Procedure, rule 2002, p. 14; Restatement of the Law Contracts, sec. 547 (2) ; Casey Heat Service Co. v. Klein, 46 Lack. Jur. 257, 55 D. & C. 293.

(4) The fact that a plaintiff is or is not the real party in interest does not affect his capacity to sue. "The conclusion that he is not the real party in interest is a determination that whatever cause of action exists is not owned by him rather than he has not the capacity to sue on a cause of action which he owns": 4 Anderson op. cit., p. 32.

(5) Inasmuch as plaintiff, Family Budget Plan, Inc., has averred specifically the various assignments by which it became the holder of the claim, it has shown that is is the real party in interest, under Pa. R. C. P. 2002: 4 Anderson op. cit., p. 27.

(6) An assignee of a conditional sales contract may maintain replevin for possession of the property: 10 Std. Pa. Prac., p. 597; Eureka Knitting Co. v. Snyder, 36 Pa. Superior Ct. 336; Roesch v. Mark, 154 Pa. Superior Ct. 188; Rodgers v. Studebaker Sales Co., 102 Pa. Superior Ct. 402, 404.

Inasmuch, however, as the assignment was made in the State of New York, the law of New York determines the effect of the assignment, the capacity of the assignor to make an effective assignment and the formalities necessary to make the assignment effective: Restatement, Conflicts, §348-352. Taking judicial notice, under the Uniform Judicial Notice of Foreign Law Act of May 4, 1939, P. L. 42, 28 PS §§291-297, of the applicable laws of New York, we find: First, that any claim, with certain exceptions not here material, can be assigned (Personal Property Law, §41); second, that "Every action must be prosecuted in the name of the real party in interest . . ." (Civil Practice Act §210); and third, that it has long been settled by the courts of New York that under such statutes any form of assignment which purports to assign a chose in action confers upon the transferee such title or ownership as will enable him to sue upon it, even though the assignment is for the purpose of suit only and the transferee in obligated to account for the proceeds of suit to his assignor. See Birdsall v. Reed, 188 App. Div. 46; 176 N. Y. S. 369, in which the court held erroneous the lower court's charge to the jury that if the assignment involved was not made in good faith, but for the purpose of defeating defendants' counterclaim, or to avoid giving a bond for costs, or for any other unlawful purpose, they must find a verdict for defendants. The court said that: "the only question was whether the assignment passed the legal title, and upon this point the evidence was conclusive: Sheridan v. Mayor, 68 N. Y. 30."

Inasmuch as the assignment from State Bank of Albany to Family Budget Plan, Inc., was valid in New York and inasmuch as Family Budget Plan, Inc., could have sued in New York as the real party in interest, it follows that it can sue in Pennsylvania: Titus v. Wallick, 306 U. S. 282, 283; 83 L. Ed. 653, 658.

We conclude, from the foregoing, that, contrary to defendant's contention, Nash-Ringel, Inc., is not the real party in interest in this proceeding and that Family Budget Plan, Inc., is the proper party plaintiff.

II. In its objection numbered 2, defendant moves to strike off plaintiff's complaint because "it does not conform to the rule and custom of this court requiring proper identification of the parties and the location of their business or residence within the Commonwealth".

The objection is not well-taken. Pa. R. C. P. 1018 provides that the caption shall set forth: ". . . the *names* of all the parties . . .". Plaintiff has done that. Furthermore, the complaint identifies plaintiff, Family Budget Plan, Inc., as being a corporation located in the Town of Colonie, Albany County, New York. Inasmuch as plaintiff is a foreign corporation not doing business in Pennsylvania, it need not have a business or residence location in Pennsylvania.

III. Defendant's objections numbered 3 and 5 will be considered together, because they concern the payments allegedly made under the contract by defendant to plaintiff and its predecessors in interest, Nash-Ringel, Inc., and State Bank of Albany.

Defendant moves that the complaint be made more specific so as to set forth in detail such payments. Furthermore, defendant, alleging a full and complete defense against any claim which might be made by said State Bank of Albany against defendant, objects to any further proceedings "upon the within complaint

until the plaintiff causes its assignors, the State Bank of Albany, New York, to join as a party plaintiff herein, so that the defendant may make an adequate defense against the plaintiff's claim and shall have a full and complete opportunity to cross-examine the employees, offices, books and records of the State Bank of Albany, New York".

Such objections are entirely without merit.

First, defendant agreed, in the conditional sales contract itself, that any claim of defendant, as buyer, for any failure of the seller to fulfill its obligations to buyer would not be set up as a defense against an assignee of the seller.

Second, defendant overlooks the fact that in an action of replevin: "The issue must be strictly limited to title and right of possession, and all matters foreign thereto must be excluded from consideration and are not available as defenses": Blossom Products Corporation v. National Underwear Company, 325 Pa. 383, 386. In Hahn v. Andrews, 370 Pa. 65, involving an action of replevin, the court said, at page 69:

"We think the words of this Court in *Lee-Strauss Co. v. Kelly*, 292 Pa. 403, supra, at p. 407 are here appropriate: 'Any claims which the purchaser may have against the seller must be asserted in an independent proceeding.' Or as Mr. Justice Stewart said in *Hale et al. v. Borough of Ashland*, 260 Pa. 547, 103 A. 1018: 'The one question in the case was, the right of the plaintiff to the possession of the property as against the defendant . . . We have nothing to do with adjustment of equities in the case, if there be any. It is simply a question of the right of possession of the property.' "

Plaintiff has averred facts which make a good cause of action in replevin against defendant. That is sufficient, and defendant cannot say that there are other facts which are "material and that their omission

makes the complaint inadequate. Such other facts become the subject of the defense pleading: Porter v. Arnold, 63 D. &. C. 109, as cited by Goodrich-Amram, sec. 1019(*a*)-1, p. 82.

### Order

And now, this August 5, 1955, defendant's preliminary objections to the complaint herein are hereby overruled and leave is granted defendant to plead over within the period of 20 days from the date hereof.