Gantman *v.* Paul, Appellant.

Argued March 18, 1964. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Marvin Allanoff,* for appellant.

*Howard Saul Marcu,* with him *Daniel Marcu,* and *Marcu, Marcu & Marcu,* for appellee.

OPINION BY WRIGHT, J., April 14, 1964:

We are here concerned with an appeal by Stanley Paul, one of two defendants in a replevin action instituted by Jack A. Gantman, from an order of the County Court of Philadelphia granting Gantman's motion for judgment on the pleadings against Paul, fixing the money value of the goods at $2,500.00, and directing that damages be assessed at a trial limited to that issue. The other defendant, Martin Industries, Inc., has averred "that it has no interest in and to the said goods in its own right and is merely storing the same for the account of Stanley Paul".

The goods replevied consisted of three upholstered chairs, two game sets (each consisting of a table and four chairs), and one area rug. The accompanying af-

fidavit set forth that the value of the goods was $2,-500.00, and a replevin bond was filed in double that amount. After the goods were taken in custody by the sheriff, Paul filed a counter bond and the goods were returned to his possession. The first count of the ensuing complaint averred that Gantman was the owner of the goods, that they had been purchased from Paul, and that Paul had wrongfully removed them from Gantman's home. Attached to the complaint were invoices issued by Paul to Gantman showing dates of purchase, prices charged, and payments made on account. In the second count of the complaint Gantman sought to recover expenses, counsel fee, and damages for unlawful detention. Following the filing of Paul's answer, Gantman moved for judgment against Paul on the pleadings. The court below treated this motion as a preliminary objection, sustained it as such, and granted Paul leave "to file an amended answer within 20 days from date hereof which shall state fully the facts upon which his conclusion that the plaintiff did not have title to the goods is based". Paul's amended answer denied that Gantman was the owner of the goods, and averred that the goods had been placed in Gantman's home "on an approval basis only . . . [and] were never finally approved". Gantman again moved for judgment against Paul on the pleadings, and it is from the order granting this motion that the instant appeal has been taken.

The rationale of the opinion below is that, in view of Paul's admission that he had issued the invoices and had delivered the articles listed therein, his mere assertion that the delivery was on an approval basis was insufficient to prevent judgment. It should be noted that Paul's answer did not deny any of the payments indicated on the invoices, but merely averred that they were credited to a general account and were not payments for the specific items replevied. We are all of

the opinion that the court below properly concluded that title had passed to Gantman. As stated by Judge BURCH: "In the light of these admitted facts, the general undocumented averment that the goods were sold on approval and that the goods which are the subject matter of this proceeding were never approved by the plaintiff is completely untenable. The period of time that the goods were in the possession of the plaintiff and the total amount of payments is completely inconsistent with a sale on approval".

Under the circumstances it is unnecessary to burden this opinion with a discussion seriatim of the six contentions advanced in appellant's brief.[1] The applicable provision of the Uniform Commercial Code, Act of April 6, 1953, P. L. 3, Section 2-401(2), 12A P.S. 2-401(2), reads in pertinent part as follows: "Unless otherwise explicitly agreed title passes to the buyer

---

[1] "I. The Appellee has waived his right to question the technical 'sufficiency' of the denials contained in appellant's amended answer by virtue of his failure to have raised the question by preliminary objection. II. The denials contained throughout appellant's amended answer operate to effectively deny the sale of the furnishings in question, thereby raising issues of fact which can be determined only after a trial of the issues so raised. III. The requirement of Pa. R. C. P. No. 1019 that pleadings be concise and summary bars the pleadings of matters which are merely evidentiary and requires the pleading only of ultimate facts which must be proved by evidence at the trial. IV. Appellee's exhibits 'A', 'B', and 'C' are clearly evidentiary in that they are relied upon to prove the allegations of purchase contained in the complaint. (They are therefore improperly included in the complaint; must be ignored as mere surplusage; and cannot be the subject of a detailed responsive answer). V. The alleged 'insufficiency' of appellant's denial cannot be characterized as being clear and free from doubt so as to warrant the entry of judgment on the pleadings. VI. The court below was patently in error when it found that the money value of the property, based upon the value set forth in the complaint was $2500.00 because the values attributed to the individual items of property as set forth in the exhibits forming part of the complaint totals only $1840.00".

at the time and place at which the seller completes his performance with reference to the physical delivery of the goods". Appellant attempts to rely on Pa. R. C. P. No. 1032 for the proposition that the insufficiency of his answer should have been raised by preliminary objections. However, that rule expressly provides that failure to state a legal defense to a claim may be raised by motion for judgment on the pleadings.

"The defendant must show either that the ownership set up by the plaintiff does not exist, or that, if the plaintiff is the owner, he is nevertheless not entitled to possession by reason of a lien, or other facts sufficient to justify the defendant's possession, otherwise his answer will be insufficient": 10 Standard Pennsylvania Practice 559. Cf. *Houlihan v. Cramer*, 80 Pa. Superior Ct. 587; *Hale v. Borough of Ashland*, 260 Pa. 547, 103 A. 1018. Appellant has not asserted a lien, nor has he averred other facts sufficient to justify possession. Where the complaint sufficiently pleads a cause of action and the answer fails to present a meritorious legal defense, judgment for the plaintiff on the pleadings should be entered in the interest of expediting justice: *Toff v. Vlahakis*, 380 Pa. 512, 112 A. 2d 340.

Order affirmed.